MELVIN, WOODROW M., Associate Judge.
The Greyhound Corporation has brought this appeal to challenge a judgment entered against it and in favor of Alton W. Morgan and John W. Morgan, a minor, in the Circuit Court of Hamilton County, Florida. The parties will be referred to as they appear in the trial court.
John W. Morgan, a 12l/¿ year old passenger, sued for damages for injuries received by him when he struck the ground after going off a moving bus operated by the defendant bus company, and his father, Alton W. Morgan, sued for damages by him sustained incident to his son’s injuries.
It appears from this record that the lad had run away from his home in Miami, Florida, on September 5, 1958, and proceeded by bus to Valdosta, Georgia. He was there taken in protective custody by the police and was given accommodations in the home of a kindly officer until such time as arrangements were made through juvenile authorities of Valdosta and Miami for his return home.
Plaintiffs allege that at the time the boy was accepted as a passenger, he was in such an upset mental condition that he was not responsible for his acts, that the defendant had notice of his condition, had notice that the boy might go off the bus to avoid returning home, and because of his alleged upset mental condition, he did go off the bus. The defendant is then charged with negligence in not providing proper supervision for the safe transportation of the lad.
These material allegations were denied, and upon a jury trial of the issue, verdict and. judgment was entered for the plaintiffs.
The record reveals that on September 8,. 1958, the officer and his wife took John to-the bus station and purchased a ticket from the defendant for his transportation from Valdosta, Georgia, to Miami, Florida. The ticket agent of the defendant was advised that he was a runaway. The bus driver also was so advised, and was requested to-aid the lad in the matter of bus transfer at the terminal in Jacksonville, Florida.
The lad boarded the scenic cruiser bus under his own power, without any outward objection, and selected a seat on the right side of the upper level. Before the bus-departed, the police officer visited with him-on the bus for a few minutes. He gave no-indication that he might attempt to leave-the bus. It is noted that at his trial he testified that when he boarded the bus he had' no thought of trying to jump off the bus. The record reveals that his mentality and. alertness was that of an average boy, and. that he had on previous occasions traveled, by bus.
After leaving Valdosta, the bus driver-observed the lad through his rear-view mirror several times. Traffic then became rather heavy, and the driver did not notice-him after leaving Jennings, Florida. When the bus reached Lake City, Florida, approximately an hour and forty-five minutes, from Valdosta, the bus driver was informed' by the Florida Highway Patrol that Jofuu *247 Morgan had been found injured beside the highway a short distance from Jasper, Florida. The bus was then inspected and the rear half of the right rear window was found to have been opened.
All windows of the bus were closed and latched when the bus left Valdosta. No one saw or heard John Morgan leave the bus, and none of his personal effects was found on the bus. It appears from this record that the only way the lad could have left the bus was by opening and ■climbing through the window.
The foreseeability doctrine, as applied to common carrier, was considered by the Supreme Court of Florida in the case of Hall v. Seaboard Air Line R. Co., 84 Fla. 9, 93 So. 151. This case involved the assault of a female passenger by a fellow passenger who was a clerical employee of the carrier. The Court held:
“In guarding a passenger from a danger which is not usual or not incident to ordinary travel the carrier is held to the use of ordinary and reasonable care and diligence”. 93 So. 156.
And the Court concluded that:
“It is not the fact of injury to the passenger that fixes the carrier’s liability. The injury must have been of ■such character and inflicted under such circumstances as that it might have been reasonably anticipated or naturally expected to occur”. 93 So. 157.
See also 5 Fla.Jur., Carriers, Sec. 108, page 420; 13 C.J.S. Carriers § 678, p. 1260, and 38 Am.Jur., Negligence, Sec. 61, page 712.
Applying the foreseeability doctrine to this case, and weighing the facts in the light most favorable to the plaintiffs, the record fails to reveal any evidence which, if believed by the jury, is legally sufficient to establish liability on the part of the defendant. The verdict is therefore fruit out of season before the bar of this court.
The learned trial judge was in error in denying defendant’s motion for a directed verdict.
Reversed with directions to enter judgment for the defendant.
WIGGINTON, C. J., and STURGIS, J., concur.